17133.　CITY COUNCIL OF AUGUSTA *v.* DEMORE.

STEPHENS, J. 1. Where, in a suit against a city to recover for personal injuries alleged to have been sustained by the plaintiff in running his automobile into a rope, which it was alleged the defendant maintained in a negligent manner, stretched across a street along which the plaintiff was traveling, the only allegations of negligence on the part of the plaintiff, made by the defendant, which were pleaded in bar of a recovery, were that if the plaintiff had exercised ordinary care and diligence in proceeding along the street, he would have observed the rope stretched across the street, and that if he had exercised ordinary care and diligence to avoid the consequences of the alleged negligence of the defendant, the injury would not have occurred, and where there was no evidence to authorize the inference that the plaintiff, before receiving the injury, had actual knowledge of the defendant's alleged negligence, and where there was no evidence to authorize an inference that the plaintiff was negligent otherwise than in failing to exercise ordinary care and diligence to observe the existence of the rope stretched in front of him across the street, and where there was no plea setting up the defense of comparative negligence and seeking apportionment of damages, a failure, in the absence of a request, to charge the law as to apportionment of damages was not error.

Costs, 15 C. J. p. 282, n. 11.
Municipal Corporations, 28 Cyc. p. 1520, n. 30.
Trial, 38 Cyc. p. 1617, n. 34; p. 1618, n. 35; p. 1693, n. 55; p. 1711, n. 19.

2. Where, in such a case, there was no evidence whatsoever from which it could be inferred that the plaintiff actually knew of the existence of the rope stretched across the street, before running into it, there was no issue authorizing the court to charge upon the rights and duties resting upon the plaintiff after discovering the existence of the obstruction in the street.

3. Certain requests to charge, which the court refused, referring to the plaintiff's duty to exercise ordinary care and diligence to observe the existence of the obstruction in the street and to exercise ordinary care and diligence to avoid the consequences of any negligence of the city in permitting the obstruction, and which contained instructions that if the plaintiff had failed to exercise such care and dilegence he could not recover, were fully covered by the charge of the court, which instructed the jury that "if the plaintiff, by the exercise of ordinary diligence, could have avoided the consequence of defendant's negligence, if any, he can not recover," and "if the city was negligent, and the plaintiff by the exercise of ordinary care on his part could have avoided the injury, . . your verdict should be for the defendant."

4. Applying the above rulings, the court did not err in failing to charge the law relative to comparative negligence and apportionment of damages, and did not err in refusing the defendant's written requests to charge.

5. The verdict for the plaintiff was authorized by the evidence.

6. It can not be held that the case is brought to this court for the purpose of delay only. The defendant's motion to assess damages is therefore denied.    *Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1927.

Damages; from city court of Richmond county—Judge Black. January 11, 1926.

*Archibald Blackshear,* for plaintiff in error.

*Cohen & Gray,* contra.